UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIUBYM GERASYMENKO,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>SYMBION POWER SERVICES U.S., INC., et al.,<br><br>　　　　　　　　　Defendants. | 23-CV-5612 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

　　　On June 30. 2023, Plaintiff filed the Complaint with the Court. Docket No. 1. According to a proof of service filed with the Court, Defendants R.W. Chelsea Holdings Ltd and R.W. Chelsea Energie Ltd. (collectively, the "Chelsea Defendants") were served with the Complaint on July 19, 2023. Docket No. 30, 31. On August 28, 2023, a Clerk's Certificate of Default was entered against the Chelsea Defendants. Docket No. 35. On September 15, 2023, the Chelsea Defendants appeared for the first time requesting that the Clerk's Certificate of Default be set aside, arguing that service was not properly effected and that the Chelsea Defendants did not have notice of this lawsuit. Docket No. 41.

　　　The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment.  These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks, citations, and alterations omitted).

　　　All three factors cut in favor of setting aside the entry of default in this case. First, "willfulness,' in the context of a default . . . , refer[s] to conduct that is more than merely negligent or careless," but is instead "egregious and . . . not satisfactorily explained." *Id.* (internal quotation marks omitted). According to the Chelsea Defendants, they were not previously aware of the Complaint and, upon learning of the lawsuit, promptly engaged counsel to appear in this matter. Second, the Chelsea Defendants have demonstrated that they may have meritorious defenses, including that they were not properly served and that this Court lacks personal jurisdiction. Third, while this default judgment process has caused some delay in this litigation, "[d]elay alone is not a sufficient basis for establishing prejudice." *Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) (internal quotation marks omitted).  There is no evidence that "that delay will result in the loss of

evidence . . . or provide greater opportunity for fraud and collusion," *see id.* (internal quotation marks omitted), or really that the delay will cause any specific prejudice at all given that this case has been pending for less than three months. Accordingly, the Court finds there is good cause to set aside the default and that the motion to set aside the Clerk's Certificate of Default is **GRANTED**.

In light of the foregoing, the Chelsea Defendants shall answer, move to dismiss, or otherwise respond to the Complaint no later than **October 11, 2023**. No extensions to this deadline will be granted.

The Clerk of Court is directed to terminate Docket No. 41.

SO ORDERED.

Dated: September 18, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge